UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert A. Kunshier,  File No. 16-cv-0792 (ECT/TNL)

      Petitioner,

v.

Timothy Walz, Governor of the State of
Minnesota;  **ORDER**
Tony Lourey, Commissioner of the
Minnesota Department of Human Services;
and
The State of Minnesota,

      Respondents.[1]

---

This matter is before the Court on the motion of petitioner Robert Kunshier ("Kunshier") for a certificate of appealability. ECF No. 22. Kunshier is civilly committed pursuant to the Minnesota Sex Offender Program; he commenced this habeas corpus action on March 28, 2016, under 28 U.S.C. § 2254 seeking release from confinement because he completed his necessary treatment. Pet. ¶¶ 1, 6 [ECF No. 1]. Chief District Court Judge John R. Tunheim, ordered this case—along with a number of others—stayed pending the resolution of *Karsjens v. Piper*, No. 11-cv-3659 (DWF/TNL), and its appeal to the United States Court of Appeals for the Eighth Circuit, or until further order of the District Court.

---

[1] Current Governor Timothy Walz and current Commissioner of the Minnesota Department of Human Services Tony Lourey are substituted for their predecessors former governor Mark Dayton and former Commissioner Emily Johnson Piper, because a "[public] officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

ECF Nos. 6, 13, 21. Kunshier is a member of the *Karsjens* class action. Mem. in Supp. at 7–8 [ECF No. 23]. He argues that the continued stay of this case violates his due process rights, namely, his "access to the courts for redress of wrongs." Mot. at 2 (internal quotation marks omitted).

A district court can issue a certificate of appealability to grant a petitioner the right to appeal a final order in a habeas corpus case to a court of appeals. *See* 28 U.S.C. § 2253(a), (c)(1)(A). A final order is "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gray v. Swenson*, 430 F.2d 9, 11 (8th Cir. 1970); *Stewart v. Bishop*, 403 F.2d 674, 678 (8th Cir. 1968) ("[Fed. R. Civ. P.] 81(a) . . . expressly makes the rules of civil procedure applicable to habeas corpus proceedings. 28 U.S.C.A. § 2253, which governs appeals in federal habeas corpus proceedings, clearly contemplates that appeals shall be from the final order. 28 U.S.C.A. § 1291, the general statute conferring jurisdiction upon the Court of Appeals to review District Court judgments, limits review to 'all final decisions of the district courts of the United States.'")); *see Andrews v. United States*, 373 U.S. 334, 340 (1963) (stating that the standards of finality in habeas corpus cases are just as exacting as they are in other civil cases). Here, Kunshier requests a certificate of appealability be issued to review a stay order. This case is stayed because the primary issue raised in Kunshier's petition, namely, his challenge to the release criteria of the Minnesota Sex Offender Program, is sufficiently related to the issues being litigated and appealed in the *Karsjens* case. *See* Dec. 20, 2018 Order at 24 [ECF No. 21].

In this case, the stay order is not immediately appealable because it is not a final order, nor does it satisfy the requirements for alternate routes to appellate review including the collateral order doctrine or an appeal by permission under 28 U.S.C. § 1292(b). "The only time that an order granting a stay will be considered a final order is if [the stay] is tantamount to a dismissal and [the stay] effectively ends the litigation." *Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 946 (8th Cir. 2007) (alterations in original) (citation omitted); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9 n.8, 10 n.11 (1983) (stating dismissal means the case is "effectively out of *federal* court" and a stay is immediately appealable if "the object of the stay is to require all or an essential part of the federal suit to be litigated in [another] forum"). Here, the stay does not effectively dismiss Kunshier's case; it does not surrender jurisdiction to a non-federal forum, instead it allows the very same federal district and appellate courts to decide related issues in *Karsjens* that will control or narrow the unresolved issues in Kunshier's lawsuit. In essence, the stay avoids duplicative litigation. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation." (citation omitted)).

"The collateral order doctrine accommodates a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'" *Will v. Hallock*, 546 U.S. 345, 349 (2006) (citation omitted). The requirements for a collateral order appeal are "that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely

separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Id.* (citation and internal quotation marks omitted). "That a ruling 'may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (citation omitted). "Instead, the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Id.* (citing *Will*, 546 U.S. at 352–53). Kunshier's opportunity to litigate in federal court is not foreclosed by the stay, it is only delayed and that delay does not rise to the level of an important claim of right under the collateral order doctrine. *See Kreditverein*, 477 F.3d at 947–48.

28 U.S.C. § 1292(b) allows a district judge to certify an order "not otherwise appealable" if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." These kinds of interlocutory appeals should be authorized only sparingly and in extraordinary cases. *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citations omitted). This is not one of those extraordinary cases. Implementing the stay in this case was a discretionary decision made by the district court and is not considered a controlling question of law. *See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, No. 09-cv-3037 (SRN/LIB), 2015 WL 3915687, at *4 (D. Minn. June 25, 2015) (citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) ("A legal question of the type referred to in § 1292(b) contrasts with a 'matter for the discretion of the trial court.'" (citation omitted))).

4

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Maintaining the stay in sufficiently-related cases—including Kunshier's—through the *Karsjens* appeal is the most efficient means of achieving a final resolution on some of the complex issues these cases present, easing the burden on litigants as well as the Court. *See id.*; Fed. R. Civ. P. 1; *see also Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) ("[T]he reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case.").

Therefore, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Motion for Certificate of Appealability [ECF No. 22] is **DENIED**.

Dated: February 21, 2019        s/ Eric C. Tostrud
                                Eric C. Tostrud
                                United States District Court