UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED BY MAIL
JUL 0 8 2021
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

CIVIL No. 0:16-cv-00792-PJS-TNL

| | |
|---|---|
| Robert A. Kunshier, pro se ) | |
|     Petitioner ) | |
| ) | |
| V. ) | |
| ) | MOTION TO LIFT THE |
| Tim Walz, as Governor of ) | |
| The State of Minnesota ) | STAY ORDER |
| ) | |
| Jodi Harpstead, as Commissioner ) | |
| of the Minnesota Department of ) | |
| Human Services, and ) | |
| ) | |
| The STATE OF MINNESOTA ) | |
|     Respondent ) | |

Pursuant to Fed. R. Civ. P. 25(d), Jodi Harpstead, in her official capacity as the current commissioner of the Department of Human Services, is automatically substituted for former commissioner Emily Johnson Piper. Fed. R. Civ. P. 25(d), in addition Tim Walz as the current governor of Minnesota, is automatically substituted for former governor Mark Dayton.

> *A pro se party is not trained in the law and is not required to plead his claims with all of the legal terminology that the court would expect a lawyer to invoke. See* Wishnatsky v. Rovner, *433 F.3d 608, 610 (8th Cir. 2006) (recognizing "the requirement that pro se complaints be construed even more liberally than counseled pleadings.");* Price v. Moody, *677 F.2d 676, 677 (8th Cir. 1982) (noting that "The allegations of a pro se complaint are held to less stringent standards than lawyer-drafted pleadings") (citation omitted)).*

SCANNED
JUL 0 8 2021
U.S. DISTRICT COURT ST. PAUL

On June 30, 2021, The Honorable United States District Judge, Donovan W. Frank, issued two orders in the ongoing *Karsjens* case (0:11-cv-03659-DWF-TNL):

- MEMORANDUM OPINION AND ORDER (copy included)
- ORDER (copy included)

In the Memorandum Opinion and Order, The Honorable United States District Judge, Donovan W. Frank, states: (*See page 12*),

> *" Moreover, the Court finds that allowing the Proposed Fourth Amended Complaint would improperly expand the scope of the Eighth Circuit's remand. As discussed above, the Eighth Circuit clearly differentiated between Plaintiffs' release related claims (Counts I and II) and their conditions of confinement claims (Counts V-VII) and instructed this Court to consider the latter under specific legal standards. See Karsjens II, 988 F.3d at 1051. This Court is bound by that directive. Thompson v. C.I.R., 821 F.3d 1008, 1011 (8th Cir. 2016). The Court therefore cannot permit Plaintiffs to expand their claims beyond the interpretation the Eighth Circuit gave them, and which formed the basis of the remand."*

In regards to this, the current matter of this writ concerns violation of Mr. Kunshier's State and Federal Constitutional Rights, concerning release. This matter has been brought forward from the Minnesota Supreme Court, and the enter release process from the Minnesota Civil Commitment and Treatment Act has been met. With the above statement from The Honorable United States District Judge, Donovan W. Frank, *Karsjens* can no longer be said to address the issues of release, raised in this matter.

It would appear from The Honorable United States District Judge, Donovan W. Frank, ORDER, that he also is not excepting any other documents and that all documents must go through the appointed counsel, because the listed counsel does not represent Mr. Kunshier, in the current writ of habeas corpus. His case can no longer be consider by The Honorable United States District Judge, Donovan W. Frank, as part of *Karsjens*.

This Writ of Habeas Corpus, has not been issued, therefore there is no opposing party to notify.

**BASED** on this, Mr. Kunshier, respectfully requests that the **STAY ORDER** issued in this matter lift and the writ be allowed to proceed.

Pursuant to Penalty of Perjury and 28 U.S.C. § 1746, I swear the foregoing is true and correct to the best of my knowledge and ability:

Respectfully Submitted,

Date: 7-6-21

*Robert A. Kunshier* (signature)
Signature
Robert A. Kunshier, pro se
1111 Highway # 73
Moose Lake, MN 55767