UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert A. Kunshier, | Case No. 16-cv-792 (ECT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tim Walz, as Governor of the State of Minnesota; Jodi Harpstead, as Commissioner of the Minnesota Department of Human Services;[1] and The State of Minnesota, | |
| Respondents. | |

Petitioner Robert A. Kunshier "was indeterminately committed as a sexual psychopathic personality (SPP) on May 3, 1993. Kunshier has repeatedly challenged his commitment during the intervening years." *In re Matter of Civil Commitment of Kunshier*, No. A16-1452, 2017 WL 1548625, at *1 (Minn. Ct. App. May 1, 2017). This case is one of those challenges. Kunshier filed the petition for a writ of habeas corpus that commenced this action in 2016. *See generally* Petition [ECF No. 1]. Very shortly thereafter, this matter was stayed pending resolution of *Karsjens v. Minnesota Department of Human Services*,

---

[1] Mark Dayton and Emily Johnson Piper were named by Kunshier as respondents to this action in their official capacities as Governor of Minnesota and Commissioner of the Minnesota Department of Human Services, respectively. Those respondents have been automatically substituted by the current holders of those offices pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

No. 11-CV-3659 (DWF/TNL). *See* ECF No. 6. That stay was not lifted until October 3, 2022. *See* ECF No. 39.

Two days after the stay was lifted, this Court ordered Kunshier to show cause why this matter should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). *See* ECF No. 40. This Court offered two reasons why denial of the habeas petition appeared to be warranted. First, each of the two claims for relief presented by Kunshier in his habeas petition appeared to be untimely. *See* 28 U.S.C. § 2244(d). Second, it did not appear that Kunshier had first presented either of his claims for relief to the Minnesota courts for review. *See* 28 U.S.C. § 2254(b).

Kunshier has now responded to the order to show cause. *See* ECF No. 41. After review of the arguments presented in the response, this Court concludes that Kunshier's petition is, in fact, untimely and that the claims raised in the petition have not been exhausted in the Minnesota state courts. Accordingly, it will be recommended Kunshier's habeas petition be denied.

First, regarding timeliness: Section 2244(d) establishes a one-year limitations period for habeas petitions brought by petitioners in custody pursuant to a state court judgment.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Kunshier filed his habeas petition in 2016. The judgment in Kunshier's commitment proceeding became final in 1996. *See In re Kunshier*, No. C7-95-1490 (Minn. Ct. App. Nov. 21, 1995). This 20-year delay precludes a finding of timeliness under § 2244(d)(1)(A). Kunshier does not allege—either in his petition or in response to the Court's earlier order to show cause—that the State of Minnesota impeded him from earlier seeking federal habeas relief. This precludes a finding of timeliness under § 2244(d)(1)(B). And Kunshier's claims do not rely upon a constitutional right that was only recently recognized by the Supreme Court. This precludes a finding of timeliness under § 2244(d)(1)(C).

In his response to the order to show cause, Kunshier attempts to rely entirely upon the final provision, § 2244(d)(1)(D), in arguing that his claims should be found timely; under that provision, a litigant has one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" in which to seek relief. But § 2244(d)(1)(D) is not helpful to Kunshier. Ground One of the habeas petition contends that Kunshier's "Federal Constitutional Rights to Liberty" were violated when the State of Minnesota failed to release him after a treatment team had "signed off that Petitioner had completed all [treatment] modules necessary" in 2002. Petition at 3 [ECF No. 1]. On its face, the factual predicate of this claim would have been known to Kunshier in or very shortly after 2002—that is, 14 years before Kunshier in fact filed his petition. And Ground Two, which attempts to rely upon *Kansas v. Hendricks* as a basis for relief, 521 U.S. 346 (1997), fares still worse, as the factual predicate upon which Kunshier hopes to rely is the Supreme Court's subsequent remand of *Linehan v. Minnesota*, 522 U.S. 1011 (Dec. 8, 1997)—a remand that occurred nearly 20 years before this petition was filed.

Kunshier nevertheless argues that his petition is timely under § 2244(d)(1)(D) because he could not have known that the Minnesota courts would fail to vindicate his claims for relief until 2016, when the Minnesota Court of Appeals affirmed (and the Minnesota Supreme Court denied review of) the denial of his state court petition for a provisional discharge. *See Kunshier v. Piper*, No. A15-0948, 2016 WL 22433 (Minn. Ct. App. Jan. 4, 2016). Put another way, Kunshier argues that it was not until the petition for discharge was denied that he understood that his federal constitutional rights had been

4

violated, and Kunshier contends that he then had one additional year from that date in which to seek federal habeas relief.

But as explained in the prior order to show cause, Kunshier's claim before the Minnesota courts in 2016 concerned whether he met the statutory requirements for discharge established by state law. *See id.* at *2. This state-law claim is entirely distinct from the claims raised in the habeas petition now before the Court—nothing about the success or lack of success on the state-law claim would have implied the validity of Kunshier's claims under federal law. And, as explained above, the factual predicate of the federal-law claims pleaded in the petition would have been known to Kunshier for many years before he filed his federal habeas petition. The denial of Kunshier's petition for discharge therefore cannot serve as the factual predicate under § 2244(d)(1)(D) for Kunshier's federal habeas claims.

Which leads to the second basis (along with untimeliness) upon which denial of the habeas petition is recommended: Kunshier has not exhausted the claims for relief raised in the habeas petition. The claim presented by Kunshier before the Minnesota Court of Appeals in 2016 relates entirely to the state-law standards for provisional discharge. *See Kunshier*, 2016 WL 22433, at *2. Never—at least so far as this Court can tell (and Kunshier has not indicated otherwise, including in his response to the order to show cause)—has Kunshier ever squarely presented to the Minnesota courts either of the two grounds for relief presented in his petition. And the claim that Kunshier *did* raise before the Minnesota courts in 2016—whether he satisfied the statutory standards for provisional discharge under Minnesota law—is not cognizable on federal habeas review. *See Estelle v.*

5

*McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Accordingly, it is recommended that Kunshier's habeas petition be denied, both because it is untimely and because Kunshier has not exhausted the claims for relief raised in the petition. A handful of loose ends remain to be tied:

First, Kunshier has applied for *in forma pauperis* ("IFP") status in this proceeding. *See* ECF No. 2. Because it is recommended that Kunshier's petition be summarily denied under Rule 4, it is further recommended that his IFP application be denied as well. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

Second, Kunshier twice has requested that the Court appoint counsel to represent him in this proceeding. *See* ECF Nos. 4 & 35. Those motions should be denied. To begin, Kunshier is incorrect in suggesting that he is *entitled* to counsel in this matter: "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). The Court may, in its discretion, appoint counsel pursuant to 18 U.S.C. § 3006A where "the interests of justice so require," but the Court does not believe that appointment of counsel is in the interests of justice in this matter. The problem for Kunshier is not that he has been unable to articulate an otherwise viable claim for relief (this Court does not reach that question) or that his lack of knowledge about the law has left him unable to prosecute this matter. Instead, the problem for Kunshier is that it is too late for him to be seeking habeas relief in federal court on his claims for relief. This would not change if an attorney were appointed to assist him in prosecuting his untimely claims.

Third, Kunshier earlier brought a motion to lift the stay that had been imposed in this proceeding. *See* ECF No. 34. The stay has since been lifted, and Kunshier's motion to lift the stay has become moot; it is recommended that the motion be denied on that basis.

Fourth, Kunshier—fearing that he has not been provided with a copy of respondents' filings in this matter—has filed a motion to determine whether the courts have granted *ex parte* communications with respondents' counsel. *See* ECF No. 38. That motion may be granted. There have been no communications of any kind about this proceeding between counsel for respondents and the Court. Respondents are not required to answer a habeas petition until ordered by the Court to do so. *See* Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts. The Court did not ask respondents to file an answer or otherwise respond to the petition because no such response is necessary; dismissal is clearly warranted from the face of the petition itself. And respondents have not submitted an answer or other response to the petition or any of Kunshier's motions or other filings. Kunshier therefore has not been excluded from any communications between the Court and respondents or their counsel.

Finally, a habeas petitioner detained pursuant to a state-court judgment cannot appeal from the denial of the petition unless granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). The Court does not believe that the procedural grounds upon which dismissal is recommended in this matter are fairly debatable and therefore recommends that a COA not be issued to Kunshier. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Robert A. Kunshier [ECF No. 1] be **DENIED**.

2. Kunshier's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

3. Kunshier's motions for appointment of counsel [ECF Nos. 4 & 35] be **DENIED**.

4. Kunshier's motion to lift stay [ECF No. 34] be **DENIED AS MOOT**.

5. Kunshier's motion to determine whether the courts have granted *ex parte* communications to respondents' counsel [ECF No. 38] be **GRANTED**, as explained above.

[Continued on next page.]

      6.      No certificate of appealability be issued.

Dated: December  8 , 2022         *s/ Tony N. Leung*
                                        Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                           *Kunshier v. Walz*
                                          Case No. 16-cv-792 (ECT/TNL)

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).